IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00878-WYD-OES

THE PEOPLE OF COLORADO, ex rel
RICHARD L. JENNINGS, Citizens in Party,

Plaintiffs,

v.

SCOTT KILPATRICK,
COLORADO, INTERNAL REVENUE SERVICE, in his individual capacity, and
DOES I-XX,

Defendants.

---

RECOMMENDATION FOR DISMISSAL

---

**Entered by O. Edward Schlatter, United States Magistrate Judge**

Before the court is defendants' Motion to Dismiss, filed on May 31, 2005. Pursuant to the Order Of Reference To Magistrate Judge, and under 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b), the motion has been referred to me for Recommendation. Based upon the record herein, I recommend that the Motion to Dismiss be **GRANTED** and that this action be dismissed.

## BACKGROUND

Plaintiff, acting *pro se*, filed his "Verified Petition for Writ of Mandamus" and related documents ("Petition") in the Rio Blanco Combined Court, 9th Judicial District, Meeker, Colorado. In his pleadings, plaintiff claims that he is not subject to federal income tax

laws and he requests mandamus relief against all IRS collection actions regarding his federal tax liability.  Named as defendants in the action are Scott Kilpatrick, an IRS employee, and Does I-XX whom plaintiff alleges are real parties of interest to be determined through the discovery process.

On May 13, 2005, defendant Kilpatrick removed the matter to this court, and on May 31, 2005, filed a Motion To Dismiss. Defendant Kilpatrick seeks dismissal of this action pursuant to Rules 12(b)(5), 12(b)(2), 12(b)(6), and 12(b)(1) of the Federal Rules of Civil Procedures for insufficiency of service of process, for lack of personal jurisdiction, for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction, respectively.

**DISCUSSION**

I.      **Status of Pending Motions.**

The Certificate Of Service attached to the Motion To Dismiss reflects that the plaintiff was served, by mail, with a copy of the motion on May 27, 2005.  Additionally, by Minute Order issued on June 1, 2005, plaintiff was notified that he had to and including June 20, 2005, in which to respond to the motion.  The Motion To Dismiss and Minute Order were served upon the plaintiff by mail at his last known address on file with the court and defendants.  Accordingly, plaintiff had notice that this motion had been filed and of the deadline to file a response.

To date, the record in this matter reflects that no response or request for extension of time to respond has been filed by the plaintiff.  Although the court must liberally

2

construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II.   Standard of Review.

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. See Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co. 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso, 495 F.2d at 909. Accordingly, plaintiffs in this case bear the burden of establishing that this court has jurisdiction to hear their claims.

> The principles governing the disposition of jurisdictional motions to dismiss under Rule 12(b)(2) are well settled. Generally, plaintiffs bear the burden of proof to establish that jurisdiction over the parties is proper. In

the context of pre-trial motions to dismiss decided without hearing, plaintiffs must make only a prima facie showing as to the propriety of personal jurisdiction. In ruling on motions under Rule 12(b)(2), the court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties. The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

McClelland v. Watling Ladder Co., 729 F.Supp. 1316, 1317-18 (W.D.Okla. 1990) (internal citations and footnote omitted).

Under Rule 12(b)(5), a plaintiff bears the burden to establish that the court has personal jurisdiction over a defendant. See Intercon, Inc. v. Bell Atlantic Internet Solutions, 205 F.3d 1244, 1247 (10th Cir. 2000). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (internal quotation omitted).

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. See Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974), *(overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. See Fed.R.Civ.P. 8(a); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. Hall, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting* Hall, 935 F.2d at 1110 (additional quotation marks omitted)).

III.    **Defendant's Motion.**

A.    **Proper Defendant.**

In a footnote on page 1 of the motion, and again in Section III starting on page 5, defendant contends that although he has been named as a defendant "in his individual capacity," the suit against him is actually a suit against him in his official capacity, and

therefore, the proper defendant is the United States.  The defendant takes this position under a reading of the documents filed by the plaintiff to demonstrate that the plaintiff contests the actions taken by employees of the Internal Revenue Service in their official capacity.  However, this argument "confuses the capacity in which a defendant is sued with the capacity in which the defendant was acting when the alleged deprivation of rights occurred.  The former need not coincide with the latter." See Pride v. Lamb, 997 F.2d 712, 716 n.2 (10th Cir. 1993).

The documents filed by the plaintiff are replete with allegations concerning violations of his constitutional rights and failure to perform duties.  This court must analyze both the substance of the pleadings and the course of the proceedings to determine whether the suit is for official or individual liability.  See Id. 715.  While defendant's interpretation of the suit against him as being in his official capacity, and his subsequent raising of defenses in that regard are a factor to consider, plaintiff's request for damages and injunctive relief is a strong indicator that the suit seeks both personal and official liability.  Keeling v. Schaefer, 181 F.Supp.2d 1206, 1217 (D.Kan. 2001) citing Pride, 997 F.2d at 715.  Without more of a record before the court, a finding in defendant's favor that this suit is solely against defendant Kilpatrick in his official capacity is not justified.  Accordingly, a determination that the plaintiff has sued the defendant in both his official and individual capacities is warranted.

## B.     Failure To Perfect Service.

Sole evidence of service in this case is a Proof of Service originally filed with the Rio Blanco Combined Court, demonstrating purported service upon "Internal Revenue Service Agent Kenneth Wilder." See NOTICE OF REMOVAL, Docket #1, attch'd Proof of Service - Summons. Pursuant to Fed.R.Civ.P. 4(e), there is no evidence of service upon defendant Kilpatrick in his individual capacity, and there is also no evidence of service pursuant to Rule 4(i) of appropriate service upon the United States in connection with claims made against defendant Kilpatrick in his official capacity. Accordingly, this matter should be dismissed as to this defendant for lack of personal jurisdiction and for insufficiency of service of process under Rules 12(b)(2) and 12(b)(5).

## C.     Individual Capacity Claims.

In certain circumstances, a suit for damages maybe maintained against a federal official in his or her individual capacity. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff indicates that he is suing defendant Kilpatrick because he has failed to perform or ignored his ministerial duties in violation of plaintiff's constitutional and statutory rights. Plaintiff's position appears to be that if defendant Kilpatrick was performing his duties as specified by law, then his suit would more appropriately be against him in his official capacity, but because he is allegedly not performing his duties, then suing him in his individual capacity is more appropriate.  Plaintiff is incorrect.

The Tenth Circuit has clearly ruled that <u>Bivens</u> claims are inappropriate with respect to allegations of the violation of constitutional and statutory provisions through actions of federal employees, where the plaintiff has available remedies under the Internal Revenue Code.  <u>See</u> <u>National Commodity and Barter Assn. v. Gibbs</u>, 886 F.2d 1240, 1247-48 (10th Cir. 1999).  "[I]n light of the comprehensive administrative scheme created by Congress to resolve tax related disputes, individual agents of the IRS are also not subject to <u>Bivens</u> actions."  <u>Dahn v. United States</u>, 127 F.3d 1249, 1254 (10th Cir. 1997).  Plaintiff's claims against defendant Kilpatrick concerning his failure to perform his duties as assigned by law fall squarely within this ruling, and he should therefore be dismissed as a defendant in his individual capacity.

**D.      Official Capacity Claims.**

Defendant correctly argues that as far as plaintiff's lawsuit attempts to raise any claims against him in his official capacity, the claims would be essentially against the United States. <u>Dugan v. Rank</u>, 372 U.S. 609, 620 (1963) (claims against federal agents or employees in their official capacities are construed as a claim against the United States); <u>Atkinson v. O'Neill</u>, 867 F.2d 589, 590 (10th Cir. 1989) (claim against agents or employees of the IRS construed as claim against the United States).  Accordingly, any claims made by the plaintiff against defendant Kilpatrick in his official capacity should be construed as against the United States.

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." <u>Atkinson</u>, 867 F.2d at 590.  Waivers of sovereign immunity

8

must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).  When a taxpayer brings an action against the United States, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction. Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990). Accordingly, the court will look to whether such a waiver exists in this regard.

### 1.    FTCA.

To the extent that plaintiff's claims for damages may be construed as alleging tortious conduct on the part of the United States or its employees, the FTCA provides for a limited waiver of sovereign immunity for claims falling within the range of its provisions. See 28 U.S.C. § 2671 *et seq.*  However, while the FTCA waives the United States' sovereign immunity in limited actions, claims arising out of the assessment or collection of taxes are excluded from coverage.  28 U.S.C. § 2680(c); Gibbs, 886 F.2d at 1246 and n.5. Plaintiff has failed to demonstrate well-pled facts, or facts from which it can be inferred, which would cause this matter to be construed as not arising out of the assessment or collection of taxes, thereby allowing this lawsuit to fall within the waiver of sovereign immunity provided by the FTCA.

### 2.   26 U.S.C. § 7433.

A civil action against the United States under 26 U.S.C. § 7433 provides the exclusive remedy for recovery of damages resulting from reckless or intentional disregard of Internal Revenue Code provisions by IRS employees in collecting taxes. See Fishburn v. Brown, 125 F.3d 979 (6th Cir.1997). The statute, which is a part of the Taxpayer Bill of Rights, states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States . . . Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

The exception in § 7432 relates to damages for failing to release a tax lien. Plaintiff is required to exhaust administrative remedies before filing suit to release federal tax liens against him.   See Smith v. United States, 1993 WL 597489, at *10 (D.Idaho 1993). Plaintiff has demonstrated no well-pled facts to demonstrate that he has administratively exhausted his remedies with regard to the release of any tax liens.

At most, the documents submitted by the plaintiff vaguely allege that IRS employees acted unreasonably by not answering plaintiff's inquiries in what he considered a timely fashion or in the manner he demanded, or by providing him with the specific result and only the specific result he sought.  Plaintiff has not alleged, in any coherent manner, facts showing or facts from which it could be inferred that IRS agents

or employees intentionally or recklessly disregarded statutes or regulations in violation of Section 7433.

### 3.    Suit For Refund.

Title 28 U.S.C. § 1346(a), which permits suits against the government for recovery of taxes "erroneously or illegally assessed or collected," and Section 7422 of the Internal Revenue Code, 26 U.S.C. § 7422, which provides the same relief, waive the sovereign immunity of the United States so as to permit civil actions, in the United States Courts, for refund of federal income taxes.  As the United States Supreme Court has opined, these sections must be read in concert, giving full effect "to provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain limitations." United States v. Dalm, 494 U.S. 596, 599 (1990).

First, the waiver of sovereign immunity is conditioned upon administrative exhaustion, as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

The timely filing of a refund claim that complies with IRS regulations is, under established precedent, a non-waivable, jurisdictional prerequisite to the maintenance

11

of a tax refund suit.  See 26 U.S.C. § 7422(a); Angle v. United States, 996 F.2d 252, 253-54 (10th Cir. 1993); Chernin v. United States, 149 F.3d 805, 813 (8th Cir. 1998).  The regulations further state that a "claim must set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . .;" and "[a] claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."  TREAS.REG. (26 C.F.R.) § 301.6402(b)(1); see, also, In re Ryan, 64 F.3d 1516, 1521 (11th Cir. 1995) ("crystal clarity" is not required, only the "essential elements" of each refund demanded).

To the extent plaintiff is asserting a refund claim, he must first comply with the requirements of 26 U.S.C. § 7422, as that statute represents the United States' sole waiver of sovereign immunity with respect to refund litigation. See Buck v. United States, 466 F.2d 481, 483 (10th Cir. 1972) (sovereign immunity not waived where taxpayers failed to claim that any assessments had been paid or that any application for refund had been filed).  Plaintiff has failed to allege facts that would satisfy the jurisdictional prerequisites for a claim in this regard.

### 4.   Conclusion.

Plaintiff fails to allege any basis  on which the United States has waived its sovereign Immunity.  Accordingly, dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is appropriate.

### E.   Failure to State A Claim Upon Which Relief Can Be Granted.

Defendant argues that the plaintiff has failed to state a claim upon which relief may be granted and, therefore, the Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).   As pointed out by the defendant, plaintiff's entire action is based on the untenable position that he is immune from federal taxation.   The arguments of the plaintiff in this regard have been found by the Tenth Circuit and this court to be frivolous. See Depew v. Secretary of Treasury, et al., 1995 WL 776925 (D.Colo. 1995); Benson, 1995 WL 674615, at **2-3; see, generally, Lonsdale, 919 F.2d at 1448.   Accordingly, dismissal of plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(6) would be appropriate.

**F.**          **Availability of Mandamus Relief.**

Although writs of mandamus have been abolished by Fed.R.Civ.P. 81(b), such an order may issue by way of a civil action and a properly made motion for injunctive relief under Rule 65.   Further, 28 U.S.C. § 1361 gives District Courts general subject matter jurisdiction over any action "in the nature of mandamus" to compel an officer of the United States to perform a duty to the plaintiff.

To obtain a writ of mandamus, three conditions must exist: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available."   Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980). Here, plaintiff has not shown that any of these conditions exist.   First, plaintiff has not alleged facts to demonstrate that he has a right to receive the relief he requests or that he has taken the necessary administrative steps to obtain such relief.   To the

extent the plaintiff relies on the contention that he is immune from federal taxation, his position is frivolous.  See Lonsdale, 919 F.2d at 1448.  Since he has not demonstrated that he is entitled to the relief he seeks, there is no duty to act.  Finally, plaintiff has an adequate remedy other than obtaining a writ of mandamus.

Additionally, in the context of this case, the general provisions are trumped by the more specific provisions of the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides that, except for certain enumerated exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.  In this manner the United States is assured of prompt collection of its lawful revenue.

Enochs v. Williams Packaging & Nav. Co., 370 U.S. 1, 5-6 (1962).

Only where the government could not prevail under any conceivable circumstances and the plaintiff faces irreparable injury may a court intervene.  Id.

Here, the plaintiff is clearly seeking what amounts to injunctive relief to frustrate the collection of income tax.  Section 7421(a) mandates that this court lacks subject matter jurisdiction over any attempt to prevent the collection of income taxes owed by the plaintiff.  Adequate remedies and procedures to raise challenges to the basis for the

14

taxes assessed and to request refund, or to request release liens or levies, are provided in the Internal Revenue Code.  Therefore, plaintiff's claims should be dismissed.

**IV.**     **Does I-XX.**

The Federal Rules of Civil Procedure make no mention of mechanisms for pleading against unnamed parties through the use of the legal fiction of John or Jane Doe. Of course, this fiction has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identities may be learned through the discovery process.  <u>See</u>, <u>e.g.</u>, <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).  "As Bivens . . . recognize[s], when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court." <u>Maclin v. Paulson</u>, 627 F.2d 83, 87 (7th Cir. 1980).

However, the Doe fiction may only be used until such time as the actual identities can be learned.  Here, the plaintiff has not attempted to identified the unnamed parties, nor is there any prospect he will do so in this litigation.  Further, from the record, it does not appear that plaintiff's failure to identify the Doe defendants by name is based on an ignorance of the defendants' true identity, but based instead on a complete lack of knowledge of who these defendants might be. Accordingly, the claims against Does I-XX should also be dismissed.

**CONCLUSION**

Based on the foregoing, I hereby **RECOMMEND** that defendant's Motion To Dismiss [Filed May 31, 2005; Docket #8] be **GRANTED**, and the entire case dismissed with prejudice.

The parties' rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72."

Dated at Denver, Colorado, this 15th day of July, 2005.

BY THE COURT:


s/ O. Edward Schlatter


_____

O. Edward Schlatter
United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).